```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x
                                 :
UNITED STATES OF AMERICA,        :
                                 :
     - v. -                      :        S2 11 Cr. 424 (NRB)
                                 :
GULAY CIBIK,                     :
REFAEL BRODJIK                   :
     a/k/a "Rafi,"               :
ABRAHAM FLAM,                    :
NATHAN SCHWARTZ,                 :
HAROLD TISHLER,                  :
     a/k/a "Hershy,"             :
                                 :
          Defendants.            :
                                 :
- - - - - - - - - - - - - - - - x
```

**MEMORANDUM OF LAW OF THE UNITED STATES OF AMERICA
IN OPPOSITION TO DEFENDANT HAROLD TISCHLER'S MOTION IN LIMINE**

PREET BHARARA
United States Attorney for the
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

Janis M. Echenberg/James J. Pastore
Assistant United States Attorneys
-Of Counsel-

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT............................................ 1
STATEMENT OF FACTS............................................... 1
   I.   Background ................................................ 1
   II.  Tischler's Motion ......................................... 1
ARGUMENT......................................................... 2
   I.   Tischler's Prior Conviction And His False Statements Are
       Proper Bases For Cross-Examination ....................... 2
     A.   The Conviction Is Admissible Pursuant To Rule 609(a)
         As A Dishonest Act, And Because It Involved A False
         Statement ............................................. 3
     B.   The Probative Value Of The Conviction Substantially
         Outweighs Any Minimal Prejudicial Effect .............. 5
   II.  If The Defendant Lied About His Income In His Mortgage
       Application And On Credit Card Applications, Those Are
       Valid Topics For Cross-Examination ....................... 7
   III. The Government Will Make An Appropriate Application If And
       When Additional Evidence Is Obtained Regarding The Other
       Topics Identified In Tischler's Motion ................... 8
CONCLUSION...................................................... 10

**PRELIMINARY STATEMENT**

The Government respectfully submits this memorandum of law in response to defendant Harold Tischler's motion in limine, filed December 13, 2012 ("Def. Motion").[1]

**STATEMENT OF FACTS**

I.   Background

Pursuant to the Court's order, the Government filed its motions in limine on December 14, 2012.  The Government incorporates by reference as if fully set forth herein the facts and law set forth in its memorandum of December 14, 2012 ("Gov't Motion").

II.  Tischler's Motion

In his motion, Tischler identifies seven topics and seeks an order from the Court precluding the Government from introducing evidence of these topics in its case-in-chief, or from inquiring into these topics on cross-examination:

   1) The defendant's 1986 conviction for alien smuggling;

   2) The defendant's involvement in hundreds of thousands of dollars of suspicious transactions associated with certain bank accounts;

---

[1]   To date, none of the other defendants has filed motions in limine.  The Government reserves its right to respond to any such motions if and when the defendants file them.

   3) Statements the defendant made in a mortgage modification application regarding his earnings from Green Line Developers, LLC;

   4) Statements the defendant made in credit card applications about his annual income;

   5) Civil judgments against the defendant related to his failure to pay credit card debts;

   6) Federal tax liens filed against the defendant; and

   7) An ongoing civil lawsuit involving allegations that the defendant fraudulently obtained title to a family home.

   As the Government argued in its December 14 Motion, the defendant's conviction is a valid topic for cross-examination.  As to the defendant's statements in a mortgage application and credit card applications about his income, those, too, are valid topics for cross-examination to the extent that the defendant lied about his income.  As to the other topics, the Government does not currently intend to introduce evidence of them in its case-in-chief, or to inquire into them during cross-examination of the defendant.

**ARGUMENT**

I.  <u>Tischler's Prior Conviction And His False Statements Are Proper Bases For Cross-Examination</u>

   The defendant argues that cross-examination about his prior conviction should be precluded because (1) the crime

2

merely involved "stealth" and not a false statement, and (2) the probative value of the conviction does not substantially outweigh its prejudicial impact. (Def. Motion at 3-6.) The defendant's arguments are unavailing. As to the first argument, the defendant reads Rule 609(a) too narrowly in that the Rule permits cross-examination regarding a prior conviction where the crime involved a false statement <u>or</u> a dishonest act. As to the second argument, the probative value of the crime substantially outweighs whatever minimal prejudice exists, largely for the reasons set forth in the Government's December 14, 2012 Motion. (See Gov't Motion at 15-26.)

    A.    <u>The Conviction Is Admissible Pursuant To Rule 609(a) As A Dishonest Act, And Because It Involved A False Statement</u>

The defendant first contends that Rule 609(a) prohibits cross-examination about the conviction because the statute can be violated without making a false statement to immigration authorities. (Def. Motion at 4.) That argument reads Rule 609(a) too narrowly.

Here, the defendant was convicted of violating Title 18, United States Code, Section 371 by conspiring to smuggle an alien in violation of Title 8, United States Code, Section 1325. The object of the conspiracy – alien smuggling – is described in the United States Code as "Improper Entry by Alien . . . Improper time or place; avoidance of examination or inspection;

3

misrepresentation and concealment of facts." 8 U.S.C. § 1325(a). Moreover, the statute contemplates that it can be violated where an alien:

> (1) enters or attempts to enter the United States at any time or place other than as designated by immigration officers, or (2) eludes examination or inspection by immigration officers, or (3) attempts to enter or obtains entry to the United States by a willfully false or misleading representation or the willful concealment of a material fact . . .

8 U.S.C. § 1325(a).

The defendant asserts that, because the statute can be violated without making a false statement, the Court should preclude cross-examination about his conviction. (Def. Motion at 4.) The defendant's argument fails to recognize that Rule 609 encompasses more than just convictions involving false statements. Rule 609 provides that a conviction can be used to impeach a witness if the Court can "readily determine that establishing the elements of the crime required proving – or the witness's admitting – a dishonest act or a false statement." Fed. R. Evid. 609 (emphasis supplied). Thus, cross-examination is appropriate where the crime involves either a dishonest act, or a false statement.

As the defendant candidly acknowledges, "The 1986 crime was clearly a crime of stealth, it was an attempt to smuggle an alien . . . by secreting him in the trunk of a car.

4

Although clearly dishonest, such actions do not necessarily involve false statement[s] or false swearing . . . ." (Def. Motion at 4) (emphasis supplied). The defendant thus concedes that the crime was "clearly dishonest," and it therefore is appropriately admissible pursuant to Rule 609(a) as a dishonest act. (Id.)

Moreover, the circumstances of Tischler's offense indicate that he in fact made false statements to immigration officers in an effort to evade detection by law enforcement. Tischler's behavior therefore is also admissible under Rule 609(a) because it involves a false statement.

B. The Probative Value Of The Conviction Substantially Outweighs Any Minimal Prejudicial Effect

Having established that the crime is admissible under Rule 609(a), the Government now turns to its admissibility under Rule 609(b), which states that a conviction that is more than 10 years old is admissible only if its probative value substantially outweighs its prejudicial effect. Fed. R. Evid. 609(b). The Government already has addressed this argument in its December 14 Motion, and incorporates those arguments by reference herein. (See Gov't Motion at 15-26.)

The defendant urges the Court to preclude cross-examination regarding the conviction because "there is no similarity whatsoever" between the conviction and the instant

conduct. (Def. Motion at 5.) To the contrary, in committing the crime of conspiracy to commit alien smuggling, Tischler lied repeatedly to United States Immigration officials, denying knowledge of his illegal conduct and blaming others for taking illegal actions about which he claimed to be unaware. The Government expects his defense in this case to be very similar – that the David Law Firm filed fraudulent immigration applications using his companies without his knowledge.

Moreover, if Tischler decides testify, there is no question his credibility will be an incredibly important issue. His initial statements to Customs officers in 1986, and even what appears to be a half-hearted confession, bear a striking resemblance to his expected defense here.

The prejudicial impact of the conviction also is minimal. Indeed, it does not appear the defendant is pressing the argument that evidence of the conviction will arouse the passions of the jury, or that the behavior is substantially worse than that alleged in the Indictment. Accordingly, given that the probative value of the conviction is high, and the prejudicial effect is minimal, the Government submits that the conviction is a proper subject for cross-examination.

6

II. If The Defendant Lied About His Income In His Mortgage Application And/Or On Credit Card Applications, Those Are Valid Topics For Cross-Examination

The defendant seeks to preclude cross-examination about statements he made regarding his income in a home mortgage modification application, and in certain credit card applications. To date, the Government's investigation indicates that the defendant may have made misrepresentations concerning his income.[2] Such misrepresentations would bear on the defendant's character for truthfulness, and are therefore proper bases for cross-examination pursuant to Rule 608. (See Gov't Motion at 20-22.) See also United States v. Schatzle, 901 F.2d 252, 255-56 (2d Cir. 1990) (cross-examination into a witness's failure to disclose a prior arrest on his bar application permitted); United States v. Weichert, 783 F.2d 23, 25 (2d Cir. 1986) (cross-examination into an attorney's disbarment permitted); United States v. Tomblin, 46 F.3d 1369, 1389 (5th Cir. 1995) (upholding cross-examination into a defendant's alleged acts of fraud, bribery, and embezzlement).

Moreover, the probative value of these incidents is not substantially outweighed by their prejudicial effect. See

---

[2] The Government is awaiting documentation to confirm whether in fact the defendant misrepresented his income. Among other things, the Government is awaiting records confirming that the defendant received federal benefits while simultaneously claiming, in his mortgage modification application, that he earned a six-figure salary.

7

Fed. R. Evid. 403.  That the defendant may have lied in a mortgage application and/or credit card applications pales in comparison to the substantial fraud alleged in the Indictment. More importantly, the probative value of the evidence is high. Here, the defendant allegedly agreed to "sponsor" aliens through his businesses.  To the extent that he misrepresented his income from the businesses in other contexts, that would be highly probative of his character for truthfulness regarding the operation of his companies.  Accordingly, to the extent that it appears the defendant lied about his income in connection with credit card and mortgage applications, the Government should be permitted to inquire into these specific instances during cross-examination to impeach the defendant's veracity.

III. <u>The Government Will Make An Appropriate Application If And When Additional Evidence Is Obtained Regarding The Other Topics Identified In Tischler's Motion</u>

The defendant identifies several additional topics and seeks to preclude the Government from introducing evidence of these acts in its case-in-chief, or from inquiring about these topics on cross-examination.

At the current time, the Government does not anticipate introducing evidence of, or inquiring on cross-examination about:

1) The defendant's suspicious bank transfers of hundreds of thousands of dollars over a four-year period;

8

        2) Civil judgments against the defendant for failing to pay his credit card debts;

        3) Federal tax liens filed against the defendant; and

        4) Allegations in a civil lawsuit that the defendant fraudulently obtained title to a family home.

        The Government notes, however, that its investigation of these topics is ongoing.  If the Government obtains additional evidence indicating wrongdoing by the defendant, or if the defendant opens the door to these topics through his testimony, case-in-chief, or cross-examination of Government witnesses, the Government will make an appropriate application to the Court.

**CONCLUSION**

For the foregoing reasons, the Government respectfully requests that it be permitted to inquire on cross-examination as to (1) the defendant's prior conviction; (2) misrepresentations the defendant may have made in a mortgage application; and (3) misrepresentations the defendant may have made in credit card applications.

Dated:   New York, New York
         December 20, 2012

                              Respectfully submitted,

                              PREET BHARARA
                              United States Attorney for the
                              Southern District of New York


                         By: _____
                              Janis M. Echenberg
                              James J. Pastore
                              Assistant United States Attorneys
                              (212) 637-2597/2418

10