```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
HAROLD TISCHLER,

                    Petitioner,              MEMORANDUM AND ORDER

     - against -                              15 Civ. 3900 (NRB)
                                              11 Crim. 424 (NRB)
UNITED STATES,

                    Respondent.
---------------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

On February 5, 2013 a jury convicted petitioner Harold Tischler of conspiracy to commit immigration fraud and making false statements to immigration authorities. This Court sentenced him to a term of imprisonment of one year and a day and a three-year term of supervised release. Tischler's conviction and sentence were affirmed by the Second Circuit on July 17, 2014.

Tischler brings a habeas corpus petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, claiming that he received constitutionally ineffective assistance from his trial counsel. For the following reasons, the petition is denied without a hearing.

1

## BACKGROUND

Tischler and 11 co-defendants were charged by indictment with (1) one count of conspiracy to commit immigration fraud and make false statements, in violation of 18 U.S.C. § 371, (2) one count of making false statements in connection with immigration documents, in violation of 18 U.S.C. §§ 1546(a) and (b)2, and (3) one count of conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. § 1349 on October 11, 2011 (the "Superseding Indictment"). The Superseding Indictment alleged that Tischler would falsely represent to the Department of Labor that he represented a company that sought to employ aliens seeking immigration status. The government transmitted a written plea offer (the "plea offer") to Tischler through his retained trial counsel, Paul Greenfield, Esq., on September 5, 2012. The plea offer provided that Tischler would plead guilty to Count One and stipulated a Guidelines sentencing range of 10-16 months. Tischler rejected the plea offer. The government filed a second superseding indictment on December 12, 2012, against Tischler and the four other defendants who had not pleaded guilty at that time. This superseding indictment did not substantively alter the charges against Tischler. The government pursued only the first two counts at trial.

At trial, the government's evidence showed that Tischler participated in a massive immigration fraud. Tischler's role in the conspiracy was to falsely represent that his companies would "sponsor" clients of the Earl David law firm (the "David Firm"). Specifically, Tischler would falsely certify that one of his companies wanted to hire a particular non-U.S. citizen at a specific wage. The David Firm's clients could then obtain from the Department of Labor (the "DOL") a labor certification, which allowed those clients to apply for permanent legal residency in the United States. For each successful application to the DOL, Tischler received $400.

The jury returned a verdict of guilty on all counts on February 5, 2013. After sentencing, Tischler retained new counsel and timely filed a notice of appeal of his conviction and sentence on June 25, 2013. In addition, he moved for a stay of his surrender and bail pending appeal in the Court of Appeals. The Second Circuit denied the motion without prejudice, as Tischler had not moved for this relief in this Court, which he subsequently did. As relevant here, he argued that the evidence introduced at trial was insufficient to sustain his conviction and that his trial counsel provided constitutionally ineffective assistance because he failed to mount a sufficient defense and erred in declining to

3

call Tischler to testify in his own defense. We held that "Tischler's claim of ineffective assistance of counsel fails to raise a colorable claim, let alone a substantial issue for appeal," and denied his motion. United States v. Tischler, No. 11 Cr. 424 (NRB), 2013 WL 4535431, at *7 (S.D.N.Y. Aug. 23, 2013).

The Second Circuit affirmed Tischler's conviction, rejecting his argument that the evidence was insufficient to support Tischler's conviction, United States v. Tischler, 572 F. App'x 63, 65 (2d Cir. 2014), and declined to address his ineffective assistance of counsel claim, "since 'a motion brought under [Section] 2255 is preferable to direct appeal for deciding claims of ineffective assistance,'" id. at 65 n.2 (quoting Massaro v. United States, 538 U.S. 500, 504 (2003)). This Section 2255 petition followed on May 21, 2015.

## DISCUSSION

To establish that he is entitled to relief pursuant to 28 U.S.C. § 2255 on the ground of ineffective assistance of counsel, Tischler has the burden of showing (1) that "counsel's representation fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and (2) "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have

been different," meaning "a probability sufficient to undermine confidence in the outcome," id. at 694. In evaluating counsel's representation of the petitioner, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689 (internal quotation marks omitted).

Tischler requests an evidentiary hearing on his claim. Pursuant to 28 U.S.C. § 2255, courts must hold a hearing for habeas petitions "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255.  However, courts have broad discretion when deciding if a collateral attack brought pursuant to 28 U.S.C. § 2255 requires an evidentiary hearing. Chang v. United States, 250 F.3d 79, 85 (2d Cir. 2001).  It is the responsibility of the district court to "determine[] whether, viewing the evidentiary proffers, where credible, and record in the light most favorable to the petitioner, the petitioner, who has the burden, may be able to establish at a hearing a prima facie case for relief." Puglisi v. United States, 586 F.3d 209, 213 (2d Cir. 2009).

5

Tischler argues that his counsel was ineffective in three ways. First, he failed to properly advise Tischler regarding the plea offer. Second, he failed to advise Tischler of his right to testify. Third, he failed to present an effective defense of Tischler at trial.

## I. Plea Offer

Tischler first argues that his trial counsel provided constitutionally ineffective assistance by failing to inform him that, by going to trial, he exposed himself to a potentially longer sentence. In rendering reasonable assistance, "counsel must communicate to the defendant the terms of the plea offer and should usually inform the defendant of the strengths and weaknesses of the case against him, as well as the alternative sentences to which he will most likely be exposed." Purdy v. United States, 208 F.3d 41, 45 (2d Cir. 2000) (citation omitted). To show prejudice "[i]n the context of pleas[,] a defendant must show the outcome of the plea process would have been different with competent advice." Lafler v. Cooper, 132 S. Ct. 1376, 1384 (2012). Where a defendant rejects a proposed plea agreement, he must demonstrate "that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and

the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." Id. at 1385.

Tischler acknowledges that his trial counsel discussed the plea offer with him and advised him to reject the offer, based on his prediction of the sentence Tischler would likely receive after trial.  Further, Tischler concedes that he discussed the merits of his case in comparison to the strength of the evidence against his co-defendants who pleaded guilty.  His argument focuses on his assertion that his trial counsel never informed him that he could potentially receive a longer sentence if convicted after trial.[1]

As an initial matter, Tischler's argument is undermined by the fact that his counsel was correct about his sentencing exposure.  Tischler ultimately received a sentence <u>within the stipulated Guidelines range of the plea offer</u>.  Therefore, Greenfield's advice, far from being constitutionally deficient,

---

[1] We note that Tischler never <u>explicitly</u> states as much in his affidavit. Rather, he asserts the somewhat hard to accept proposition: "I never understood that if I was convicted after trial, that there was the potential for me to receive a sentence significantly longer than that which I would have received pursuant to a plea." Aff. of Harold Tischler at 5.

7

was sound.

Regardless of Tischler's acknowledgments of the advice received, his claim must be rejected because he has shown no prejudice as a consequence of any advice from his counsel.  First, he has not demonstrated that there is a reasonable probability that he would accepted the plea offer.  A petitioner can put forward "arguably credible evidence of a <u>prima facie</u> case that, but for counsel's improper advice, the petitioner would have accepted the plea offer," by "the petitioner's own sworn statement if it is credible in light of all the relevant circumstances," which requires "some "objective evidence, such as a significant sentencing disparity, that he or she would have accepted the proposed plea offer if properly advised."  <u>Puglisi v. United States</u>, 586 F.3d 209, 215-16 (2d Cir. 2009).

Second, there can be no question that Tischler suffered no prejudice, since Tischler received a sentence within the plea offer's stipulated Guidelines range.  Therefore, there is <u>no</u> sentencing disparity in this case.  This fact distinguishes this case from those in which a court found sufficient objective evidence corroborating the petitioner's statements to warrant a hearing.  <u>See</u> <u>Raysor v. United States</u>, 647 F.3d 491, 496 (2d Cir. 2011) (hearing warranted based on sworn statement of petitioner

8

and sentencing disparity between plea offer of sentence of 29 years and ultimate sentence of multiple life terms); Pham v. United States, 317 F.3d 178, 183 (2d Cir. 2003) (petition remanded based on sentencing disparity of 113 months between high end of stipulated Guidelines range and sentence after trial); cf. United States v. Vasquez, 733 F. Supp. 2d 452, 460 (S.D.N.Y. 2010) (33-month disparity between high end of stipulated Guidelines range and ultimate sentence after trial insufficient objective evidence to demonstrate prejudice).

## II. Right to Testify

Tischler next contends that Greenfield did not inform him that he alone could determine whether or not he would testify in his own defense, and that if he had been so informed, he would have done so. The trial transcript refutes this claim. On the record, Greenfield stated, with Tischler present, that they had "had extensive conversations regarding, A, his right to testify, whether or not he should or wants to, and we have concluded and he has concluded that he will not testify." Trial Tr. 2135:17-20, 11 Crim. 424, ECF No. 217.[2]

---

[2] Tischler's current counsel failed to acknowledge this record or even attempt to address the contradiction between the record and the current claim of ineffective assistance.

Moreover, Tischler cannot show that his testimony would have resulted in a different outcome at trial.  The evidence introduced at trial - found sufficient by the Court of Appeals, 572 F. App'x at 65, and as summarized in our Memorandum and Order denying Tischler's motion for bail pending appeal – included:

- Over 250 fraudulent documents, filed with DOL and [U.S. Customs and Immigration Services ("USCIS")] between 2004 and 2009, in which Tischler falsely attested that he intended to hire particular non-citizens to work at one of nine different "sponsor" companies;

- Hundreds of pieces of mail which had been sent directly from DOL and USCIS to Tischler's home or office, including approved DOL certifications, necessary for applying to USCIS for immigration benefits, which Tischler in turn delivered personally to co-conspirators at the David Firm;

- Case notes recorded by DOL employees containing phone numbers registered to Tischler and reflecting that Tischler personally confirmed to them, by telephone or email, his intent to hire particular non-citizens on whose behalf he had filed fraudulent sponsor applications;

- Mail associated with a Delaware company incorporated by the David Firm using Tischler's home address, phone number, and email address, sent from DOL and USCIS to an address controlled by the David Firm;
- Bank statements and tax records for Tischler's companies, listing as Tischler's address the same address used on fraudulent applications for alien labor certifications, which indicated that the companies were not financially able to pay a prevailing wage to the non-citizens Tischler purported to sponsor;
- A lease signed by Tischler for office space for the David Firm at 17 Battery Place, New York, NY, falsely claiming the space would be used by Fix Anything Construction and Plumbing, one of several companies he used to falsely sponsor non-citizens;
- Testimony of Sam Salamon, a cooperating witness who previously worked for the David Firm, detailing his personal knowledge of Tischler's involvement in the fraud as follows:
  - Salamon personally recruited Tischler to falsely claim that he would sponsor David Firm clients for employment in exchange for compensation;

11

- Several of Tischler's companies were used, with his permission, as phony sponsors on applications prepared by the David Firm;
- Tischler called DOL to verify phony sponsorships and emailed Salamon to report back on such confirmations;
- Salamon personally paid Tischler $300-$500 for each approved DOL alien labor certification that he delivered to the David Firm;
- Salamon personally paid Tischler for certain rejected DOL sponsor applications after Tischler complained to him that he was not making enough money from the fraud;
- Salamon personally paid Tischler $5,000 to sign the lease for office space at 17 Battery Place, New York, NY because the David Firm had been evicted from its prior office and Salamon lacked sufficient credit to sign a lease himself;
- Salamon received a text message from Tischler in which he complained about having to travel to the David Firm's office in Manhattan to be paid for his role in the fraud;
- Salamon personally paid Tischler another $5,000 after the fraud was uncovered to help pay for his counsel fees; and

- o Salamon received a Facebook message from Tischler in August 2012 that stated, "Moiser, you put me in jail. WOW."
- Testimony of David Grynsztain, a cooperating witness who previously worked for the David Firm, detailing his personal knowledge of Tischler's involvement in the fraud as follows:
  - o Grynsztain used the names of companies owned by Tischler in preparing phony applications for labor certification;
  - o Grynsztain observed Tischler visiting the David Firm's offices on multiple occasions; and
  - o Grynsztain witnessed an argument between Tischler and Salamon over whether Tischler was being paid sufficiently for each phony sponsor application.

2013 WL 4535431, at *4-5.

Even assuming that Tischler did not waive his right to testify, his assertion that his testimony could have discredited much of the evidence against him does not withstand even cursory analysis. In support of this proposition, Tischler suggests in general terms that Salamon used Tischler's name on leases and signed Tischler's name on some documents that he sent to the DOL and USCIS without Tischler's knowledge, and that he also "drafted phoney [sic] tax returns" for Tischler. Aff. of Harold Tischler

13

at 2. Therefore, according to Tischler's own argument, if he had testified, he would have presented testimony that flatly contradicted, at most, some of the evidence the government introduced against him.  As Tischler's current counsel recognizes, the call notes were crucial pieces of evidence for the government; Tischler provides no alternative explanation for them in his affidavit, and his counsel makes only vague references to Tischler's ability to "explain[]" them.  Mem. of Law in Supp. of Petition to Vacate, Set Aside Conviction and Sentence Pursuant to 28 U.S.C. Section 2255 ("Petition") at 13.  In addition, had Tischler testified, he would have opened the door for the government to introduce evidence that he had made false statements on a mortgage application.  Tischler's arguments are similar to those held insufficient in Rega v. United States, wherein the Second Circuit rejected a convicted defendant's claim that he was prejudiced by his counsel's failure to let him testify when the petitioner's credibility problems and the extensive evidence against him would have overshadowed any explanations he might have offered with his testimony, 263 F.3d 18, 21-26 (2d Cir. 2001).

Finally, we note that Tischler's contention "that he wanted to testify in his own defense is in apparent tension with his claim—simultaneously advanced herein—that he wished to plead

guilty." United States v. Noorzai, 953 F. Supp. 2d 499, 508 (S.D.N.Y. 2013) (Chin, J.). Indeed, in support of the latter claim, Tischler's brief notes "the overwhelming evidence of [his] guilt" reflected in discovery materials, later used at trial. Br. at 6; see also Aff. of Harold Tischler at 3 (calling case against him "strong"). Given the evidence that Tischler does not contend he could challenge, as well as the evidence the government would introduce that would have damaged his credibility, Tischler cannot make a prima facie showing that if he had testified, the result at trial would have been different. See Lindstadt v. Keane, 239 F.3d 191, 204 (2d Cir. 2001) ("Even serious errors by counsel do not warrant granting habeas relief where the conviction is supported by overwhelming evidence of guilt.").

**III. Representation at Trial**

Finally, Tischler argues that Greenfield ineffectively represented him at trial. Principally, Tischler contends that Greenfield failed to sufficiently support his proposed defense, failed to call a particular witness, and left key evidence unaddressed. These arguments are unpersuasive, as they fall short of suggesting that Greenfield failed to provide reasonable and competent representation or that Tischler was prejudiced.

First, Tischler asserts that Greenfield should have called

more than one witness in support of his argument that Tischler was a trusting person who was misled by a cooperating witness, and that Greenfield should have asked for a clarifying instruction regarding one witness's testimony.  We have previously addressed whether trial counsel put forward a sufficient defense, see Tischler, 2013 WL 4535431, at *6, and adhere to our conclusion that "[t]he record indicates that trial counsel represented his client ably," and that his representation "simply did not fall below that which is constitutionally mandated by Strickland."  Id. In support of this argument, Tischler claims now that his counsel should have asked for a clarifying instruction when, after initially sustaining the government's objections, we allowed trial counsel to ask Yehezkel Fishbach, a witness called by Tischler, about Tischler's trusting nature.  Because trial counsel did not seek an instruction that the question was, in fact, relevant to Tischler's defense, Tischler contends, "the jury . . . would disregard any testimony thereafter regarding . . . Tischler being a trusting person."  Pet. at 11.  This argument is meritless. This Court allowed trial counsel to ask the question, and trial counsel forcefully argued on summation that Tischler was a very trusting person who was taken advantage of by the cooperating witness.  A clarifying instruction was wholly unnecessary and of

16

dubious merit.

Tischler next contends that trial counsel should have called an additional witness to refute some of the testimony of Salamon. Salamon testified at trial that he would in general pay Tischler for the approvals he helped to obtain, but that sometimes another person, Moishe Rosenberg, would pay Tischler. According to Tischler, Rosenberg would have testified that he did not deliver money to Tischler. However, "[t]he decision not to call a particular witness is typically a question of trial strategy," Bierenbaum v. Graham, 607 F.3d 36, 55 (2d Cir. 2010) (internal quotation marks omitted), and such decisions, "if reasonably made, will not constitute a basis for an ineffective assistance claim," United States v. Nersesian, 824 F.2d 1294, 1321 (2d Cir. 1987). In this case, trial counsel vigorously cross-examined Salamon, and argued in summation that he was a liar. A decision not to call a witness to refute a minor factual detail clearly does not represent ineffective assistance. Further, as the government correctly notes, evidence apart from Salamon's testimony supported the government's contention that Tischler received payment for successful applications, such as the testimony of Grynsztain. Therefore, even assuming that trial counsel's decision not to call Rosenberg was unreasonable, Tischler suffered no prejudice as a

17

```
```

result.

Even taking these alleged deficiencies in trial advocacy, including regarding Tischler's right to testify, in the aggregate, see Lindstadt, 239 F.3d at 199, 203-04, we conclude that Tischler has not made a plausible showing of prejudice, given the overwhelming evidence against him.

## CONCLUSION

For the foregoing reasons, petitioner's habeas petition is denied. Because the petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c). Pursuant to 28 U.S.C. § 1915(a)(3), it is hereby certified that any appeal from this Memorandum and Order would not be taken in good faith.

The Clerk of the Court is directed to terminate the motion pending at Docket Number 1 in 15 Civ. 3900(NRB) and to close the case.

**SO ORDERED.**

Dated: New York, New York
October 24, 2016

*Naomi Reice Buchwald*
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE